UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INFORMED COMMUNICATIONS, INC.
d/b/a THE DELANEY REPORT,

    Plaintiff,

v.

GTB AGENCY, LLC

    Defendant.

Case No.

Hon.

Magistrate Judge

## COMPLAINT AND JURY DEMAND

Plaintiff INFORMED COMMUNICATIONS, INC. d/b/a *THE DELANEY REPORT* ("Informed Communications" or "Plaintiff"), by its undersigned attorneys, alleges for its complaint herein against Defendant GTB AGENCY, LLC ("GTB" or "Defendant"), as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This claim arises from GTB's wide-spread, long-term, and systematic theft of the core intellectual property of a small marketing publisher, Informed Communications,

which publishes weekly editions of *The Delaney Report*. Although GTB promotes itself as an integrated marketing agency that emphasizes its creative abilities, its intentional infringement strikes at the core of Plaintiff's small business, whose intellectual property rights GTB has ignored and misappropriated.

2. The *Delaney Report* exploited by GTB is a weekly periodical reporting on advertising and marketing trends, as well as information on the advertising, media and publishing industries. It is a well-recognized marketing publication, reaching a limited but influential number of marketing, media and advertising professionals. Informed Communications is the registered copyright owner of this weekly publication.

3. The revenues of Informed Communications are derived entirely from paid subscriptions to *The Delaney Report*. Because *The Delaney Rep*ort appeals to a limited market, Informed Communications must rely on strong legal protection to assure that those who use its newsletters pay for them. Informed Communications holds registered copyrights in nearly all of its weekly publications dating back to January 10, 2005. Each infringed copy of *The Delaney Report* bears copyright notices against copying including, for example, the following warning:

> **"The Delaney Report ©…. This is copyrighted material and any reproduction or retransmission without written permission is prohibited."**

4. Upon information and belief, since at least December 2014, GTB has engaged in unauthorized reproduction and dissemination of multiple issues of *The Delaney Report*. GTB took out a single subscription to *The Delaney Report*, which, by its terms, grants access solely to a single user with no right of retransmission or reproduction. GTB, however, then duplicated the newsletters and, by various means, internally supplied unauthorized copies to other executives, officers, and/or employees, and thus avoided the cost of obtaining multiple subscriptions. In so doing, GTB regularly made and distributed unauthorized copies of virtually each weekly issue of *The Delaney Report* it received, amounting to in excess of 340 unauthorized copies of Informed Communications' copyrighted works. Upon information and belief, GTB's conduct has persisted in the face of Informed Communications' explicit copyright warnings and despite GTB's awareness that copying periodicals without permission is unlawful.

5. Because of the aforementioned conduct, GTB knowingly and willfully violated the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and is liable, at the election of Informed Communications, for either actual damages or for statutory damages, under 17 U.S.C. § 504, of up to $30,000 for each of the registered works improperly exploited (or up to $150,000 for each of the registered works improperly exploited if Informed Communications sustains its burden of proving,

and the court finds, that infringement was committed willfully), an injunction, an accounting of GTB's multiple infringements, and for reimbursement of Informed Communications' costs and attorneys' fees under 17 U.S.C. § 505.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 101 *et seq*. and 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), and 1338 (jurisdiction over copyright actions).

7. This Court has personal jurisdiction over the Defendant because, upon information and belief, at all relevant times herein, GTB transacted business within this judicial district and/or committed a tortious act within this judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as GTB maintains an office and thus resides in this judicial district, and as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

9. Informed Communications is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Tryon, North Carolina.

10. Upon information and belief, GTB is a limited liability company

organized and existing under the laws of the State of Delaware, with its principal place of business located at 550 Town Center Drive, Dearborn, Michigan. Upon information and belief, GTB has offices world-wide and is a part of the WPP Group, a global media and marketing conglomerate.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Intellectual Property

11. Informed Communications has owned and published *The Delaney Report* since 1990 and has distributed *The Delaney Report* to subscribers via mail, via facsimile and via e-mail.

12. *The Delaney Report* is published weekly to subscribers. These weekly issues include Informed Communications' unique advertising and marketing data, original selection, representation and arrangement of information and trends in the advertising, media and publishing industries, and original commentary related thereto.

13. During the relevant time period of this action, the individual annual subscription rate to *The Delaney Report* was as follows:

(a) From December 1, 2014 through December 31, 2015, $625 for domestic mailed subscriptions and $645 for domestic facsimile or e-mail subscriptions; and

(b) Since January 1, 2016, through the present date, $685 for domestic mailed subscriptions and $695 for

domestic facsimile or e-mail subscriptions. Informed Communications does not sell or offer for sale any group subscriptions or group discounts.

14. During the relevant time period of this action, *The Delaney Report* also has been available for purchase at a single issue price as follows:

    (a) From December 1, 2014 through December 31, 2015, $45 per issue, and

    (b) Since January 1, 2016, through the present date, $55 per issue.

15. Informed Communications is the owner of valid, registered copyrights in nearly all weekly issues of *The Delaney Report* dating back to January 10, 2005. Informed Communications gives clear notice of its copyright to warn against unauthorized copying. Since 1990, *The Delaney Report* has included a notice that it is copyrighted and that reproduction without written permission is prohibited. Each infringed copy of *The Delaney Report* bore copyright notices against copying including the following warning:

> **"The Delaney Report © . . . This is copyrighted material and any reproduction or retransmission without written permission is prohibited."**

**B.** **Defendant's Infringing Acts**

16. GTB has had access to the weekly issues of *The Delaney Report*

continually since December 2014 by means of a single subscription. Each weekly issue was faxed to the attention of Mr. George Rogers, who, upon information and belief, was the Chief Executive Officer (CEO) of GTB. Each year through 2017, the subscription was renewed by GTB through Plaintiff's North Carolina office and remitted payment for the subscription to Plaintiff in Tryon, North Carolina.

17. Weekly issues of *The Delaney Report* containing the copyright notice described in paragraphs "3" and "15" above have been distributed to GTB by facsimile since December of 2014.

18. Upon information and belief, since at least December of 2014, GTB has reproduced and distributed every weekly issue of *The Delaney Report*, to at least one or more of GTB's executives, officers, and/or employees at GTB's Dearborn, MI office. The scope and extent of GTB's unauthorized copying is not yet known, as GTB has refused to provide Informed Communications with any relevant information, as requested by Informed Communications in a "cease and desist" letter sent by its counsel to GTB, to which GTB never responded in writing.

19. Upon information and belief, GTB executives, officers, and/or employees who were not and are not subscribers of *The Delaney Report* have reproduced it by copying and distributing it internally by various means, and/or by printing out copies thereof, or both. In so doing, GTB has permitted numerous

executives, officers, and/or employees to obtain and review infringing copies of *The Delaney Report* without obtaining and paying for a subscription and has permitted and/or encouraged these executives, officers, and/or employees to believe that such copying and use was lawful.

20. GTB's purpose and objective was to obtain the benefits of access to *The Delaney Report,* while depriving Informed Communications of its rightful subscription revenues. GTB benefited from its infringing activities in a variety of ways, avoiding, among other things, the cost of multiple subscriptions for its own employees.

21. GTB is a sophisticated advertising and marketing agency that works with well-known clients and brands, such as Ford Motor Company. GTB thus knew or should have known that copyrighted material may not be freely copied and circulated.

22. In sum, GTB's executives, officers and/or employees were well aware of the limitations imposed by copyright, they were expressly cautioned that Informed Communications claimed copyright ownership in *The Delaney Report*, and they otherwise were on notice of Informed Communications' claims and of the need to ensure that GTB's use of Informed Communications' newsletters was lawful. GTB acted knowingly and willfully and in flagrant disregard of Informed

Communications' rights. Indeed, GTB could easily have confirmed the existence of Informed Communications' copyright registrations via a simple search of the U.S. Copyright Office database on its website at www.copyright.gov.

23. At no time did Informed Communications grant GTB an express or implied license to copy or distribute *The Delaney Report*.

24. Upon information and belief, GTB's infringing conduct began at least as early as December 2014, and it is not clear whether the infringing activity has ceased as of the date of the filing of this Complaint. GTB's conduct victimized Informed Communications, but the full scope of GTB's actions remains to be discovered.

25. Informed Communications continues to publish *The Delaney Report* and to register its copyright in each weekly issue of its publication. Informed Communications will seek leave to amend this Complaint prior to trial to include such additional issues of The Delaney Report as have been infringed.

## FIRST CLAIM FOR RELIEF
**(Copyright Infringement)**

26. Informed Communications hereby repeats and realleges paragraphs 1 through 25 set forth above as if fully set forth herein.

27. Informed Communications is the holder of the pertinent exclusive rights infringed by GTB, as alleged hereunder, for *The Delaney Report*. Nearly

each weekly issue of *The Delaney Report* published on or after January 10, 2005 is the subject of a valid Certificate of Copyright Registration issued by the Registrar of Copyrights or an application for copyright registration has been submitted to the Registrar of Copyrights in a timely manner. Weekly issues of *The Delaney Report* contain a copyright notice advising that it is protected by the copyright laws and each issue is a separate work in the meaning of the Copyright Act.

28. The Certificates of Copyright Registration referred to in paragraph 27 above, for the relevant time period commencing December 2014 through the present are the following:

| **Copyright Registration No.** | **Dated:** |
| --- | --- |
| TX 8-168-838 | February 18, 2015 |
| TX 8-108-341 | April 9, 2015 |
| TX 8-141-788 | July 6, 2015 |
| TX 8-156-183 | September 24, 2015 |
| TX 8-177-920 | December 3, 2015 |
| TX 8-225-982 | March 1, 2016 |
| TX 8-281-631 | April 6, 2016 |
| TX 8-339-478 | June 22, 2016 |
| TX 8-341-415 | September 14, 2016 |

29. Each of the registrations in Paragraph "28" above, are group registrations for three months' worth of discrete weekly numbered issues, each of which is a distinct copyrightable work in its own right. Said registration certificates constitute *prima facie* evidence of the validity of the copyrights and the

facts stated in the certificates.

30. Informed Communications has timely submitted to the Registrar of Copyright applications to register the following issues of *The Delaney Report*, accompanied by the required deposit; however, Certificates of Registration have not yet issued to date:

| **Volume** | **Number** | **Issue Date** | **Publication Date** |
| --- | --- | --- | --- |
| 27 | 35 | September 19, 2016 | September 19, 2016 |
| 27 | 36 | September 26, 2016 | September 26, 2016 |
| 27 | 37 | October 3, 2016 | October 3, 2016 |
| 27 | 38 | October 10, 2016 | October 10, 2016 |

| **Volume** | **Number** | **Issue Date** | **Publication Date** |
| --- | --- | --- | --- |
| 27 | 39 | October 17, 2016 | October 17, 2016 |
| 27 | 40 | October 24, 2016 | October 24, 2016 |
| 27 | 41 | October 31, 2016 | October 31, 2016 |
| 27 | 42 | November 7, 2016 | November 7, 2016 |
| 27 | 43 | November 14, 2016 | November 14, 2016 |
| 27 | 44 | November 21, 2016 | November 21, 2016 |
| 27 | 45 | November 28, 2016 | November 28, 2016 |
| 27 | 46 | December 5, 2016 | December 5, 2016 |
| 27 | 47 | December 12, 2016 | December 12, 2016 |
| 27 | 48 | December 19, 2016 | December 19, 2016 |
| 28 | 01 | January 9, 2017 | January 9, 2017 |
| 28 | 02 | January 16, 2017 | January 16, 2017 |
| 28 | 03 | January 23, 2017 | January 23, 2017 |
| 28 | 04 | January 30, 2017 | January 30, 2017 |
| 28 | 05 | February 6, 2017 | February 6, 2017 |
| 28 | 06 | February 13, 2017 | February 13, 2017 |
| 28 | 07 | February 20, 2017 | February 20, 2017 |
| 28 | 08 | February 27, 2017 | February 27, 2017 |
| 28 | 09 | March 6, 2017 | March 6, 2017 |

| 28 | 10 | March 13, 2017 | March 13, 2017 |
| 28 | 11 | March 20, 2017 | March 20, 2017 |
| 28 | 12 | March 27, 2017 | March 27, 2017 |
| 28 | 13 | April 3, 2017 | April 3, 2017 |
| 28 | 14 | April 10, 2017 | April 10, 2017 |
| 28 | 15 | April 17, 2017 | April 17, 2017 |
| 28 | 16 | April 24, 2017 | April 24, 2017 |
| 28 | 17 | May 1, 2017 | May 1, 2017 |
| 28 | 18 | May 8, 2017 | May 8, 2017 |
| 28 | 19 | May 15, 2017 | May 15, 2017 |
| 28 | 20 | May 22, 2017 | May 22, 2017 |
| 28 | 21 | May 29, 2017 | May 29, 2017 |
| 28 | 22 | June 5, 2017 | June 5, 2017 |
| 28 | 23 | June 12, 2017 | June 12, 2017 |
| 28 | 24 | June 19, 2017 | June 19, 2017 |

31. Upon information and belief, the Registrar of Copyrights will issue registrations for the works identified in Paragraph 30, above, and said registration certificates, when issued, shall constitute *prima facie* evidence of the validity of the copyright and the facts stated in the certificates. Upon issuance of registrations, Informed Communications intends to amend its Complaint to reflect these facts.

32. GTB's infringement of *The Delaney Report* has been carried out with GTB's full knowledge that each issue of said publication is protected by copyright. For its own commercial benefit, GTB has knowingly, willfully, and without authorization infringed Informed Communications' copyrights through the systematic and routine reproduction and distribution of *The Delaney Report*, and by inducing and providing the means, facilities and instructions for its executives,

officers, and/or employees to make unauthorized reproductions of and distribute *The Delaney Report*.

33. Due to GTB's infringement of Informed Communications' copyrights, Informed Communications has suffered and will continue to suffer irreparable harm to its business in an amount that will be proven at trial. Unless GTB is enjoined from engaging in the infringing conduct, it will continue to unjustly profit from its infringement of Informed Communications' copyrights in an amount to be determined at trial. Informed Communications has no adequate remedy at law.

34. By reason of the foregoing, Informed Communications is entitled to the remedies set forth in the Copyright Act, including, without limitation, injunctive relief, actual damages and recovery of GTB's profits, or, at Informed Communications' election, statutory damages, destruction of all infringing copies of *The Delaney Report*, as well as its costs and attorneys' fees incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Informed Communications respectfully requests that this Court enter judgment in its favor and against GTB, ordering that:

A. GTB and its agents, attorneys, executives, officers, employees, and all others in active concert or participation with it are enjoined preliminarily and

permanently from in any manner, directly or indirectly, copying or distributing in any medium by any means any issue of *The Delaney Report*, or any portion thereof, and from inducing, aiding, causing or materially contributing to any such conduct by anyone else;

  B. GTB and its executives, officers, agents, servants and employees shall immediately surrender for inventory and destruction all copies of *The Delaney Report*;

  C. GTB be required to pay to Informed Communications its actual damages incurred as a result of each infringement of each issue of *The Delaney Report*;

  D. GTB be required to account to Informed Communications for all profits realized by GTB that are attributable to the infringement;

  E. At the election of Informed Communications, prior to the entry of final judgment in this case, under 17 U.S.C. § 504, that GTB be required to pay Informed Communications statutory damages of up to $30,000 for each of the registered works improperly exploited, or up to $150,000 in enhanced damages for each of the registered works improperly exploited, if Informed Communications sustains its burden of proving, and the court finds, that infringement was committed willfully;

F.    GTB be ordered to pay costs incurred by Informed Communications in connection with this action (including but not limited to, Informed Communications' reasonable attorneys' fees and disbursements) under 17 U.S.C. § 505; and

G.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff INFORMED COMMUNICATIONS demands a trial by jury on all issues so triable.

Date: June 26, 2017    **INFORMED COMMUNICATIONS, INC. d/b/a *THE DELANEY REPORT***

By: _____
Peter M. Falkenstein (P61375)
David S. McDaniel (P56994)
JAFFE RAITT HEUER & WEISS, P.C.
535 W. William Street, Suite 400S
Ann Arbor, MI  48103-4978
Tel: (734) 222-4776
Fax:  (734) 222-4769
pfalkenstein@jaffelaw.com
dmcdaniel@jaffelaw.com
*Attorneys for Plaintiff*

*Of Counsel*:
Paul H. Levinson
Oliver R. Chernin
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Phone (212) 448-1100
plevinson@mclaughlinstern.com
ochernin@mclaughlinstern.com